STATE of Wisconsin, Plaintiff-Appellant,

v.

James W. WHISTLEMAN, Defendant-Respondent.

Court of Appeals

*No. 00–2906–CR. Submitted on briefs June 11, 2001.—Decided July 19, 2001.*

2001 WI App 189

(Also reported in 633 N.W.2d 249.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, Attorney General, and *Daniel J. O'Brien*, Asst. Attorney General.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael J. Devanie* of La Crosse.

Before Dykman, P.J., Vergeront and Deininger, JJ.

¶ 1. VERGERONT, J. The issue on this appeal is whether possession of a computer disk that stores images of child pornography is a violation of WIS. STAT. § 948.12 (1999–2000),[1] which provides:

> **Possession of child pornography.** Whoever possesses any undeveloped film, photographic negative, photograph, motion picture, videotape or other pictorial reproduction or audio recording of a child engaged in sexually explicit conduct under all of the following circumstances is guilty of a Class E felony:
>
> (1) The person knows that he or she possesses the material.
>
> (2) The person knows the character and content of the sexually explicit conduct shown in the material.
>
> (3) The person knows or reasonably should know that the child engaged in sexually explicit conduct has not attained the age of 18 years.

The trial court concluded that possession of such a computer disk is not a violation of the statute, and the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

State appeals. We hold that computer disks that store images of child pornography are included within the meaning of the term "or other pictorial reproduction." Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2. The amended complaint charged James W. Whistleman with four counts of possession of child pornography in violation of Wis. Stat. § 948.12.[2] At the preliminary hearing the State introduced four photographs depicting children engaged in sexually explicit behavior. An investigator with the City of La Crosse Police Department testified that he obtained these photographs from computer zip-drive disks found at Whistleman's residence.[3] The court ordered Whistleman bound over for trial on those charges.

¶ 3. Whistleman filed a motion in limine seeking to suppress the photographs as evidence at trial. He contended the photographs were not found at his residence and the term "pictorial reproductions" in Wis. Stat. § 948.12 did not include the computer disks.[4] After hearing the parties' arguments, the trial court

[2] The complaint also charged Whistleman with other felonies which were resolved by a plea agreement and are not relevant to this appeal.

[3] The investigating officer testified that a "zip-disk drive" is a floppy disk that is thicker and holds more material than a regular computer disk.

[4] After the preliminary hearing, but before the motion in limine, Whistleman filed a motion to dismiss Count II of the Information, one of the four charges under Wis. Stat. § 948.12, on the ground that the evidence produced at the preliminary examination did not support a finding of probable cause. The ground for this motion was essentially the same as that for the

agreed with Whistleman. It reasoned that since WIS. STAT. § 948.12 was a criminal statute, courts were to construe it narrowly, and the legislature could have chosen language that included computer disks, but it did not. After the court's ruling, the State asked to call a witness who could testify on how the zip-drive disks worked in order to make a complete record for appeal. The court allowed this, and at a continued hearing, the officer who had testified at the preliminary examination explained how the photographs were produced from the disks found at Whistleman's residence. He testified that as soon as one of the disks was inserted into a computer, a list of files appears labeled "juveniles" with various ages listed. Clicking on one of those files brought an image onto the screen, and clicking on "print" printed out the displayed image.

¶ 4. The trial court's ruling construing the statute did not change as a result of this testimony. Accordingly, the court ordered that the photographs could not be introduced into evidence. It then stayed the trial on the four charges pending this appeal.[5]

DISCUSSION

¶ 5. The State contends the trial court erred in its interpretation of WIS. STAT. § 948.12 because the term

motion in limine—that the testimony did not establish the photographs were found at Whistleman's residence and the term "pictorial reproductions" did not include the computer disks. The court denied the motion to dismiss for reasons not relevant to this appeal and did not reach the issue of the construction of § 948.12.

[5] Whistleman contends the appeal is not timely, but we conclude it is. The relevant order for purposes of the appeal was not the oral ruling made by the court after hearing argument on August 7, 2000, but the written order entered on October 20, 2000, after presentation of the officer's testimony.

"other pictorial reproduction" plainly includes computer disks that store visual images. According to the State, "other pictorial reproduction" indicates the legislature intended the statute to have a broad scope and to include all pictures of children engaged in sexually explicit conduct, no matter how those pictures are created, stored, or reproduced. Whistleman agrees that the statutory language is not ambiguous, but he asserts "other pictorial reproduction" plainly does not include computer disks.

¶ 6. The construction of a statute and its application to a particular set of facts is a question of law, which we review de novo. *State v. Kittilstad*, 231 Wis. 2d 245, 256, 603 N.W.2d 732 (1999). The aim of statutory construction is to determine the intent of the legislature, and we begin with the plain language of the statute. *Id.* If that language is unambiguous, we apply the ordinary and accepted meaning of the language to the facts before us. *Id.* In the absence of a statutory definition, we construe words according to their common and approved usage, which may be established by a dictionary. *Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995). The need to look to a dictionary to establish the usual meaning of words does not mean the statute is ambiguous. *State v. Sample*, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998).

¶ 7. The applicable dictionary definitions of "reproduce" are:

> **reproduce 1.** To produce a counterpart, an image, or a copy of .... **3.** To produce again or anew; re-create.

THE AMERICAN HERITAGE COLLEGE DICTIONARY 1159 (3d ed. 1993). The applicable definitions of "pictorial" and "picture" are:

> **pictorial 1.** Relating to, characterized by, or composed of pictures.

> **picture 1.** A visual representation or image drawn, photographed, or otherwise rendered on a flat surface.

*Id.* at 1034. The computer disks taken from Whistleman's residence produce visual images on the computer screen when a person inserts the disks into a computer and clicks on a file. We conclude the disks thus come within the ordinary meaning of "pictorial reproduction."

¶ 8. Whistleman's argument that the disks are not "pictorial reproductions" because one cannot see the images of the children by looking at the disks is not persuasive. The words "or other" before "pictorial reproduction" indicate that the legislature meant that the preceding "videotape" is included within the term "pictorial reproduction." Yet one cannot see a visual image by looking at a videotape: the tape must be inserted into a VCR in order to produce a visual image on the screen. Nor do we find persuasive Whistleman's argument that the computer disks store data, not images of children. A videotape also stores the data necessary to create a visual image rather than the visual image itself, similar to the way Whistleman describes a computer disk functioning.

¶ 9. We also observe that two of the items preceding "or other pictorial reproduction"—"undeveloped film" and "photographic negatives"—are processed in particular ways to produce a "photograph," and thus are one way to produce a picture of a child, while "motion picture" and "videotape," each created through other

344

and distinct processes, produce pictures of a child on a screen. The legislature's choice of the broad term "or other pictorial reproduction" following various specific items, which are created and processed in different ways in order to produce a picture of a child, indicates an intent to penalize items that are able to readily produce pictures of children engaging in sexually explicit conduct, whatever the particular process or technology. It is not reasonable to conclude that in choosing the broad term "or other pictorial representation," the legislature intended to exclude one particular, and increasingly common, means of storing and producing visual images.

¶ 10. We do not agree with Whistleman that the language of two other statutes shows the legislature intended to exclude computer disks in Wis. Stat. § 948.12. Whistleman first points to the definition of "data" in Wis. Stat. § 943.70(1)(f) which provides:

> **Computer crimes.** (1) Definitions. In this section:
>
> . . . .
>
> (f) "Data" means a representation of information, knowledge, facts, concepts or instructions that has been prepared or is being prepared in a formalized manner and has been processed, is being processed or is intended to be processed in a computer system or computer network. Data may be in any form including computer printouts, magnetic storage media, punched cards and *as stored in the memory of the computer.* Data are property. (Emphasis added by Whistleman.)

This definition is used in § 943.70(2)(a), which proscribes modification, destruction, theft, and other conduct regarding data, computer programs, and support-

ing documentation.[6] According to Whistleman, the definition of "data" in § 943.70(1)(f) shows the legislature specifically refers to "data stored in the memory of a computer" when it intends to cover that. But the legislature's decision to specifically define technical terms in a statute covering computer crimes does not have a bearing on what the legislature intended in § 948.12, which has a completely different subject: the possession of child pornography.

¶ 11. The second statute Whistleman refers us to—Wis. Stat. § 948.05(1m)—concerns the sexual exploitation of children and therefore may be considered related to Wis. Stat. § 948.12. Section 948.05(1m) provides:

> (1m) Whoever produces, performs in, profits from, promotes, imports into the state, reproduces, advertises, sells, distributes or possesses with intent to sell or distribute, any undeveloped film, photographic nega-

---

[6] Wisconsin Stat. § 943.70(2)(a) provides:

(2) Offenses Against Computer Data and Programs. (a) Whoever wilfully, knowingly and without authorization does any of the following may be penalized as provided in par. (b):

1. Modifies data, computer programs or supporting documentation.

2. Destroys data, computer programs or supporting documentation.

3. Accesses data, computer programs or supporting documentation.

4. Takes possession of data, computer programs or supporting documentation.

5. Copies data, computer programs or supporting documentation.

6. Discloses restricted access codes or other restricted access information to unauthorized persons.

tive, photograph, motion picture, videotape, sound recording or *other reproduction* of a child engaging in sexually explicit conduct is guilty of a Class C felony if the person knows the character and content of the sexually explicit conduct involving the child and if the person knows or reasonably should know that the child engaging in the sexually explicit conduct has not attained the age of 18 years. (Emphasis added by Whistleman.)

■■

¶ 12. Whistleman contends that because the legislature in WIS. STAT. § 948.05(1m) used the broader term "other reproduction," it intended by the modifier "pictorial" in WIS. STAT. § 948.12 to exclude computer disks. However, we see no indication that the addition of "pictorial" conveys this intent. Rather, we think the use of "pictorial" in § 948.12 but not in § 948.05(1m) is due simply to a different word order: in § 948.05(1m) "sound recording" directly precedes "or other reproduction," while in § 948.12 "or audio recording" directly follows "other pictorial reproduction." In other words, "other reproduction" in § 948.05(1m) is not modified by "pictorial" because one of the preceding items is not related to producing visual images. In contrast, all the items preceding "or other pictorial reproduction" in § 948.12 relate to producing visual images, as do Whistleman's computer disks.

¶ 13. We are satisfied that the language of WIS. STAT. § 948.12 conveys the legislature's intent to penalize possession of computer disks that produce visual images on a computer screen of children engaged in sexually explicit conduct, assuming the other conditions of the statute are met. We therefore reverse the

trial court's order excluding the prints made of those screen images and remand for further proceedings.[7]

*By the Court.*—Order reversed and cause remanded.

[7] Although the trial court concluded WIS. STAT. § 948.12 should be strictly construed because it is a criminal statute, Whistleman does not make that argument. We observe that the rule of strict construction of a criminal statute does not apply when the legislature's intent is unambiguous. *State v. Kittilstad,* 231 Wis. 2d 245, 262, 603 N.W.2d 732 (1999).